

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

CONTINENTAL CASUALTY COMPANY,

     Plaintiff,

     v.                                  CIVIL NO. 2:15cv40

GLENNETTA B. WHITE, DDS, and SPA
DENTISTRY, LTD.,

     Defendants.

     and

KWANZA AL-AMIN,

     Intervenor-Defendant.

## OPINION AND ORDER

    This matter comes before the Court on the Motion to Dismiss or, in the Alternative, to Decline Jurisdiction Under the Nautilus Factors filed by Intervenor-Defendant Kwanza Al-Amin. ECF No. 12. For the forgoing reasons, the Court **DENIES** the Motion. ECF No. 12.

## I.    FACTUAL AND PROCEDURAL HISTORY

    The following factual summary is taken from the allegations contained in Plaintiff's Complaint, which, for purposes of ruling on the instant Motion to Dismiss, the Court accepts as true. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).

    This action arises from the defense of a medical malpractice action filed by Kwanza Al-Amin ("Al-Amin") in Virginia state court. Continental Casualty Company ("Continental") issued a professional liability policy to Glennetta B. White for all claims incurred from July 22, 2011 to July 22, 2012 in relation to her dental practice. Compl. ¶ 9. The insurance policy included the

following clause:

> If there is a **claim** or **you** reasonably think there will be, **you** must do the following:
> A. notify us and **your** insurance agent in writing as soon as possible;
> B. specify the names and addresses of the insured people and any witnesses. Provide us with information on the time, place and nature of the event;
> C. immediately forward all documents which **you** receive in connection with the **claim** to us;
> D. fully cooperate with us or our designee in the making of settlements, the conduct of suits or other proceedings, enforcing any right of contribution or indemnity against another who may be liable to **you** because of **injury** or **damage**. You shall attend hearings and trials, assist in securing and giving evidence, and obtaining the attendance of witnesses; and
> E. refuse, except at **your** own cost to voluntarily make any payment, assume any obligation or incur any expense other than reasonable medical expenses incurred at the time of the event.

Id. Ex. 1, Insurance Coverage Common Policy Conditions ¶ III.

On or about March 6, 2012, Al-Amin filed a Complaint for negligence against Dr. White and her practice, Spa Dentistry, Ltd. ("Spa Dentistry"), (collectively, "Tort Defendants") in the Circuit Court for the City of Chesapeake, Virginia ("Chesapeake Circuit Court") seeking $250,000 plus pre-judgment interest and costs. Id. ¶¶ 12–14. Al-Amin's initial Complaint alleged that Tort Defendants "unnecessarily and negligently removed teeth and further failed to fit Al-Amin for dentures." Id. ¶ 13 (quoting Id., Ex. 2, ¶ 7). After Continental was notified of Al-Amin's action, Continental retained Kenneth C. Hirtz ("Hirtz") to represent Tort Defendants. Id. ¶ 15. Al-Amin "apparently was not able to effect service on" Tort Defendants. Id. ¶ 16. In April 2013, the Chesapeake Circuit Court denied a motion to dismiss for failure to serve within one year. Id. ¶ 16. On April 18, 2013, Hirtz filed an answer on Tort Defendants' behalf. Id. ¶ 18.

Continental alleges that Tort Defendants have failed repeatedly to respond to attempts by Continental to communicate with Tort Defendants about the Al-Amin action. Id. ¶ 20. In the first alleged effort to make contact, Hirtz attempted to reach Dr. White's bankruptcy attorney on May 29, 2013 in order to get his help contacting Dr. White. Id. ¶ 21. The attorney never

responded to Hirtz's several letters and phone calls. Id.

On July 18, 2013, Continental sent a certified letter to Dr. White seeking her cooperation in the Al-Amin malpractice action. Id. ¶ 22. In this letter Continental acknowledged coverage subject to a reservation of rights. ECF No. 1-3, Ex. 3 at 3. The letter states that "coverage issues could arise based on your lack of cooperation in this matter." Id. Continental specifically reserved its rights subject to "Insurance Coverage Common Policy Condition – III." Id. Part D of this subsection is quoted in the letter. Id. Although the certified mail card was signed by an individual at Dr. White's address, Continental never received a response. Compl. ¶ 24. The letter was also sent to Dr. White's bankruptcy attorney. Id. ¶ 24. There was no response from the bankruptcy attorney. Id.

On January 31, 2014, Continental successfully reached Dr. White by telephone. Id. ¶ 25. Continental asked Dr. White to sign "an Election of Consent, or of Non-Consent" form. Id. Dr. White told Continental she would sign the non-consent portion. Id. Continental sent a letter to Dr. White enclosing the form later that day, but Dr. White never responded. Id. ¶¶ 26–27; see also ECF No. 1-4, Ex. 4 (consent or non-consent form).

On August 1, 2014, Continental sent Dr. White another letter via certified mail informing her of a $2 million demand package from Al-Amin's attorney. Id. ¶ 28. The letter states that Continental attempted to reach Dr. White on her cell phone on July 29, 2014 and on August 1, 2014, but received no answer either time. ECF No. 1-5, Ex. 5. With the letter Continental again informed Dr. White that Continental was reserving its rights under the policy because of coverage issues that may arise because of non-cooperation. Id.

On September 9, 2015, Continental attempted to deliver in person another letter, in which Continental again sought Tort Defendants' cooperation in connection with the Al-Amin action.

Compl. ¶ 32. This letter identified and enclosed the insurance policy and copies of Continental's previous attempts to reach Dr. White. Id. ¶ 33; ECF No. 1-6, Ex. 6. Of note, the letter included the reservation of rights letters sent on July 18, 2013 and on August 1, 2014. ECF No. 1-6, Ex. 6. Continental never received a response to this letter. Compl. ¶ 34.

On September 18, 2014, Continental alleges that it sent one last letter to Dr. White, informing her of her duty to cooperate and requesting such cooperation. Id. ¶ 35. For instance, the letter states that "[w]ithout your cooperation . . . we will have no other choice but to withdraw coverage." ECF No 1-7, Ex. 7. Continental never received a response to this letter. Compl. ¶ 36.

On January 28, 2015, Continental brought the instant breach of contract and declaratory judgment action against Tort Defendants. ECF No. 1. In Count I, Continental alleges that Tort Defendants' failure to respond to Continental's efforts breached the insurance contract, which imposes a duty to cooperate. Compl. ¶¶ 40–43. In Count II, Continental requests that the Court issue a declaratory judgment holding that Continental is "relieved and excused from any duty to defend or indemnify in connection with the *Al-Amin* action and, consequently, Continental may withdraw its defense." Compl. ¶¶ 44–47. On March 9, 2015, Al-Amin filed a Motion to Join or to Intervene, ECF No. 5, which the Court granted on April 29, 2015. ECF No. 10.

On April 30, 2015, Al-Amin filed both the instant Motion to Dismiss and an Answer. ECF Nos. 11, 12. In his Motion to Dismiss, Al-Amin argues that Continental has failed to allege facts that Defendants *willfully* breached their duty to cooperate. ECF No. 13 at 4–6. As a result, Al-Amin argues, both the breach of contract and declaratory judgment counts should be dismissed. Id. Al-Amin also argued that the Court, in accordance with factors established by the Fourth Circuit's decision in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 372 (4th

Cir. 1994), should decline jurisdiction of the declaratory judgment action until the state court proceedings are concluded. ECF No. 13 at 7–12. Finally, in a footnote to the Background section of his Memorandum in Support of the Motion to Dismiss, Al-Amin cites to and quotes, without commentary, Va. Code § 38.2-2226. Id. at 2 n.2.

Continental filed its Opposition to the Motion to Dismiss on May 14, 2015. ECF No. 19. In its Opposition, in addition to responding to the arguments made by Al-Amin in support of the Motion to Dismiss, Continental argued that the Motion to Dismiss was untimely. Id. at 4. Al-Amin filed a reply on May 18, 2015. ECF No. 23. In his reply, Al-Amin, in addition to rebutting the arguments made in the Opposition, argued that the Opposition was untimely. Id. at 1–2. Al-Amin also, briefly and for the first time, explained that Va. Code § 38.2-2226 barred Continental's suit. Id. at 2–3.

The Court held a hearing on the Motion to Dismiss on July 7, 2015. ECF No. 26. At the hearing, Al-Amin withdrew his argument that the Court should decline jurisdiction under the Nautilus factors. Id. According to Al-Amin, the state court hearing the underlying tort suit has stayed proceedings until this Court resolves the coverage dispute. Id. At the hearing the Court determined that the applicability of Va. Code § 38.2-2226 had not been adequately briefed. ECF No. 27. The Court ordered that Continental had thirty days to file a memorandum in response to Al-Amin's arguments regarding Va. Code § 38.2-2226 that were raised in the reply brief; Al-Amin was given fifteen days from the filing of Continental's response to file a responsive brief. Id. Continental filed its memorandum on August 7, 2015, ECF No. 29, and Al-Amin filed his memorandum on August 23, 2015. ECF No. 30.

## II. STANDARD OF REVIEW

The function of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of a complaint." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013). A court must

consider "the complaint in its entirety, as well as documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive such a motion, the complaint must allege facts sufficient 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" Haley, 738 F.3d at 116. When reviewing the legal sufficiency of a complaint, a court must accept "all well-pleaded allegations in the plaintiff's complaint as true" and draw "all reasonable factual inferences from those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Legal conclusions, on the other hand, are not entitled to the assumption of truth if they are not supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## III. ANALYSIS

Now that Al-Amin has withdrawn his claim that this Court should decline jurisdiction, three issues remain to be decided: (1) whether the Motion to Dismiss and Continental's Opposition were timely; (2) whether Continental has stated a claim for breach of contract under Virginia insurance law; and (3) whether Va. Code § 38.2-2226 bars Continental's claims for breach of contract and declaratory relief.

### A. TIMELINESS OF MOTION TO DISMISS AND OPPOSITION

Both parties challenge the timeliness of each other's filings, but both challenged filings were timely. Continental challenges the timeliness of Al-Amin's Motion to Dismiss. ECF No. 19 at 4. Continental argues that under Federal Rule of Civil Procedure 12(b)(6) a Motion to Dismiss must be made before filing a pleading such as an answer. Id. Because Al-Amin's Rule 12(b)(6) Motion to Dismiss was *docketed* immediately after his answer, Continental asserts that the

Motion to Dismiss is untimely. Id. However, both the Answer and Motion to Dismiss were filed on the same day. ECF Nos. 11–12. As stated in the same case that Continental cites in support of its position, "the defenses enumerated in Rule 12(b) may be made simultaneously with a responsive pleading." Shooting Point, L.L.C. v. Cumming, 238 F.Supp.2d 729, 735 n.4 (E.D. Va. 2002). Accordingly, the Court finds that Al-Amin's Motion to Dismiss was timely.

Al-Amin challenges the timeliness of Continental's Opposition. ECF No. 23 at 1–2. Al-Amin argues that the Opposition was made fourteen days after the filing of the Motion to Dismiss, which is outside the eleven days mandated by the local rules. Id.; see Local Rule 7(F)(1). However, Al-Amin fails to understand how the local rules work in conjunction with the Federal Rules of Civil Procedure. The Local Rules for the United States District Court, Eastern District of Virginia provide that "[u]nless otherwise directed by the Court, the opposing party shall file a responsive brief and such supporting documents as are appropriate, within eleven (11) days after service . . . ." E.D. Va. Loc. Civ. R. 7(F)(1). However, Federal Rule of Civil Procedure 6(d) provides for a three day extension when service is made in particular ways, including, as in this case, by mail and electronic service. Fed. R. Civ. P. 6(d). Therefore, Continental's Opposition was due fourteen days after the Motion to Dismiss was filed. See Lee v. Computer Sciences Corp., 1:14cv581, 2015 WL 778995, at *1 n.1 (E.D. Va. Feb. 24, 2015); Hirsch v. Johnson, 1:14cv332, 2014 WL 2916748, at *3 (E.D. Va. June 26, 2014)). Because Al-Amin filed his Motion to Dismiss on April 30, 2015, and Continental filed its Opposition fourteen days later, on May 14, 2015, the Court finds that Continental's Opposition was timely.

## B. BREACH OF CONTRACT

Al-Amin argues that Continental has failed to state a claim for breach of an insurance contract under Virginia law. ECF No. 13 at 4–6. Because Continental has not alleged sufficient facts to maintain a breach of contract action, Al-Amin argues, Continental is not entitled to a

declaration that it has no duty to defend or indemnify its insured. Id. After careful review of the facts alleged, the Court finds that Continental has stated a claim for breach of contract.

Under Virginia law, insurance policies are considered contracts, and normal contractual principles govern. See Graphic Arts Mut. Ins. Co. v. C.W. Warthen Co., Inc., 397 S.E.2d 876, 877 (Va. 1990) (citing Hill v. State Farm Mut. Auto. Ins., 375 S.E.2d 727, 729 (Va. 1989)); Kennard v. Travelers' Protective Ass'n of Am., 160 S.E. 38, 39 (Va. 1931). To state a claim for breach of contract a plaintiff must allege "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 594 S.E.2d 610, 614 (Va. 2004).

Al-Amin argues that Continental has failed to allege a breach of the insurance contract. ECF No. 13 at 4–6. As Al-Amin correctly points out, Continental's sole claim of breach—and therefore sole defense to coverage—is that Dr. White violated the terms of her insurance policy when she failed to meet the obligations of the policy's cooperation clause. The Fourth Circuit has held that, under Virginia law, in order to establish that the insured has breached a cooperation clause through unavailability, "the insurer must prove that the insured willfully breached the clause in a material or essential particular and that the insurer made a reasonable effort to secure the insured's cooperation." Cont'l Cas. Co. v. Burton, 795 F.2d 1187, 1193-94 (4th Cir. 1986) (citing Cooper v. Employers Mutual Liability Ins. Co., 103 S.E.2d 210, 214 (Va. 1958); Grady v. State Farm Mutual Automobile Ins. Co., 264 F.2d 519 (4th Cir.1959)).

In Virginia, "willful noncooperation requires a deliberate or intentional refusal to cooperate." Cont'l Cas. Co., 795 F.2d at 1194; see also Angstadt v. Atlantic Mut. Ins. Co., 492 S.E.2d 118, 122 (Va. 1997) ("The word 'willful' also has been defined, in a non-criminal law

context, as denoting an act which is intentional, knowing, or voluntary."). Willful noncooperation may be inferred from an insured's conduct during litigation. See, e.g., Angstadt, 492 S.E.2d at 122; Cooper v. Employers Mut. Liability Ins. Co. of Wis., 103 S.E.2d 210, 215 (Va. 1958).

In Angstadt, the Virginia Supreme Court affirmed a finding by the trial court that an insured willfully refused to cooperate. 492 S.E.2d at 122. The insured failed to show up for a deposition despite repeated warnings that such a failure could result in a default judgment. Id. The insured testified that he thought that the deposition had been rescheduled because he had contacted the insurer's counsel and asked that it be canceled. Id. at 120, 122. However, the insurer's counsel repeatedly attempted without success to contact the insured to confirm the deposition, and the insured made no effort to contact the lawyer to confirm the purported cancelation. Id. Because of the efforts of the insured's counsel and the lack of effort by the insured, the Court held that the failure to attend the deposition was willful noncooperation. Id. at 122.

In Cooper, an insured initially met his cooperation obligations under an automobile insurance policy by notifying his insurer of an accident and completing an accident form. 103 S.E.2d at 215. Thereafter, the insured failed to meet his obligations. Id. He did not forward the suit papers to the insurer after being served. Id. He twice moved and did not notify the insurer or leave a forwarding address. Id. The insurer obtained from his former employer the final address of the second move. Id. Two letters were sent to this address, one of which was signed by a purported agent of insured, although there was no proof that the insured actually received the letter. Id. The insured did not assist or attend the trial on his liability. Based on these facts, the Virginia Supreme Court found that the insured willfully failed to cooperate and that the insurer

was excused from its coverage obligations. Id.

Al-Amin contends that Continental has failed to allege sufficient facts that if proven would establish that Tort Defendants willfully breached their duty to cooperate and that Continental made a reasonable effort to secure cooperation. ECF No. 13 at 5. Al-Amin argues that Continental fails to allege any "affirmative statement or action" that was uncooperative, that if Dr. White never received the letters, then Dr. White could not have been willfully uncooperative, and that Continental should have attempted other strategies to reach Dr. White after the mailings failed.[1] Id. at 5– 6.

Continental emphasizes in response that to survive a motion to dismiss a plaintiff need only allege sufficient facts and that adequacy of Continental's efforts is a factual dispute to be resolved at a later stage of the litigation. ECF No. 19 at 6–7. Although, this is of course true, simply alleging that Dr. White did not cooperate is a mere legal conclusion that the Court does not accept as true for the purposes of ruling on the motion to dismiss. The question is whether the facts alleged constitute non-cooperation under Virginia law.

Contrary to Al-Amin's assertion that Continental needs to allege "an affirmative act or statement" to show willful noncooperation in Virginia, Continental may show willfulness through a pattern of noncooperation, as in Cooper, or by a single egregious act of noncooperation, as in Angstadt. Dr. White failed to respond to several letters sent to her, one of which, the July 18, 2013 letter, was signed for. Compl. ¶ 24. Continental made contact with Dr. White by phone on January 31, 2013. Id. ¶ 25. During this call, Continental alleges, Dr. White told Continental that she would sign a Consent or Non-consent form. Id. She did not. Id. In

---

[1] Al-Amin also argues that the letters were sent to solely to Dr. White and do not show that co-defendant Spa Dentistry was being uncooperative. ECF No. 13 at 5. Although Dr. White and Spa Dentistry may be separate legal persons and were each insured persons under the policy, Spa Dentistry cannot act on its own, but only through its agents such as Dr. White. Al-Amin's state law complaint, which is attached to Continental's federal complaint, alleges that Dr. White is an agent of Spa Dentistry. ECF No. 1-2, Ex. 2, at 2.

describing this alleged pattern of behavior, Continental has alleged enough facts to establish that Dr. White's noncooperation was willful.

Continental has also alleged enough facts to establish that it made reasonable efforts to contact the insured. It would be a different case if, as Al-Amin claims, Continental did nothing more than send letter after letter to the same address and received no response. See ECF No. 13 at 6. This is not what Continental alleges. Continental alleges that at least one letter was signed for. Compl. ¶ 24. Critically, Continental alleges that it spoke with Dr. White on the phone. Id. ¶ 25. An insurer undoubtedly makes reasonable efforts to contact an insured when it actually contacts an insured.

For the above reasons the Court finds that Continental has alleged sufficient facts to state a valid claim for breach of contract.

### C.   Va. Code § 38.2-2226

Al-Amin argues that even if Continental has a valid defense to coverage, Continental has waived that defense because of noncompliance with Va. Code § 38.2-2226. Although, the Court finds that section 38.2-2226 applies to the present case and may bar Continental's coverage defense, it has insufficient evidence before it to decide if Continental is in violation of the statute.

The statute reads in its entirety:

> Whenever any insurer on a policy of liability insurance discovers a breach of the terms or conditions of the insurance contract by the insured, the insurer shall notify the claimant or the claimant's counsel of the breach. Notification shall be given within forty-five days after discovery by the insurer of the breach or of the claim, whichever is later. Whenever, on account of such breach, a nonwaiver of rights agreement is executed by the insurer and the insured, or a reservation of rights letter is sent by the insurer to the insured, notice of such action shall be given to the claimant or the claimant's counsel within forty-five days after that agreement is executed or the letter is sent, or after notice of the claim is received, whichever is later. Failure to give the notice within forty-five days will result in a waiver of the defense based on such breach to the extent of the claim by operation of law.

> Notwithstanding the provisions of this section, in any claim in which a civil action

11

> has been filed by the claimant, the insurer shall give notice of reservation of rights in writing to the claimant, or if the claimant is represented by counsel, to claimant's counsel not less than thirty days prior to the date set for trial of the matter. The court, upon motion of the insurer and for good cause shown, may allow such notice to be given fewer than thirty days prior to the trial date. Failure to give the notice within thirty days of the trial date, or such shorter period as the court may have allowed, shall result in a waiver of the defense based on such breach to the extent of the claim by operation of law.

Va. Code Ann. §38.2-2226 (2014). By its plain language the statute requires that an insurer notify a claimant within forty-five days *both* of discovery of a breach of the insurance contract by the insured *and* of sending a reservation of rights letter to its insured on account of the breach. State Auto Prop. & Cas. Ins. Co. v. Gorsuch, 323 F. Supp. 2d 746, 757 n.10 (W.D. Va. 2004). If the insurer does not, it waives its "defense based on such breach to the extent of the claim by operation of law." Va. Code § 38.2-2226. The purpose of this requirement, the Virginia Supreme Court has said, is to provide notice to the claimant, "a stranger to the insurance contract," so that the claimant may protect his or her rights. Liberty Mut. Ins. Co. v. Safeco Ins. Co. of Am., 288 S.E.2d 469, 474 (Va. 1982).

In the present case there may be some dispute over when Continental first learned of the alleged breach of the insurance contract by the insured. Noncooperation is an ongoing breach, and the date of its manifestation is not clear-cut. However, Continental itself alleges in its complaint that on July 18, 2013 it sent a reservation of rights letter to Dr. White. Compl. ¶¶ 22–24; ECF No. 1-3, Ex. 3 at 3. Continental then had forty-five days—until September 1, 2013—to notify Al-Amin of this letter. If Continental did not, it waived its defense to coverage.

Continental makes three arguments against application of the statute. First, Continental argues that it is saved by the second paragraph of the statute which requires, if a civil action is filed, that an "insurer shall give notice of reservation of rights in writing to the claimant, or if the claimant is represented by counsel, to claimant's counsel not less than thirty days prior to the

date set for trial of the matter." Va. Code §38.2-2226. Because no date for trial has been set, Continental argues that it may still comply with the statute. ECF No. 29 at 2. Although it is true that Continental may still comply with the second paragraph of the statute, it must also comply with the first paragraph. See State Auto Prop. & Cas. Ins. Co., 323 F. Supp. 2d at 756 n.9. The second paragraph begins "[n]otwithstanding the provisions of this section" indicating that both provisions must be complied with. If an insurer only had to comply with one of the provisions of the statute, the first paragraph of the statute would become superfluous in any action that went to trial. In construing Virginia statutes, the Virginia Supreme Court attempts to give effect to every word and not render any portion of the statute worthless. Riverside Owner, L.L.C. v. City of Richmond, 711 S.E.2d 533, 537 (Va. 2011).

Second, Continental states, correctly, that the statute does not affect the contractual relations between insured and insurer. ECF No. 29 at 1–2 (citing Dan River, Inc. v. Commercial Union Ins. Co., 317 S.E.2d 485, 488 (1984)). Even if Continental fails to give notice to Al-Amin, Dr. White is still required to cooperate with Continental. If Al-Amin were able to collect a tort judgment from Tort Defendants, Continental would not be required to reimburse them. Accordingly the statute, if applicable, would not bar the instant breach of contract action against Tort Defendants.

Nevertheless, although the statute does not affect the contractual relationship between Tort Defendants and Continental, it may affect the relationship between Continental and Al-Amin. Al-Amin is the stranger to the insurance contract that the statute is meant to protect. Virginia allows a victorious tort plaintiff to collect a judgment in a direct action against an insurer if the plaintiff is unable to collect against the insured. Va. Code Ann. § 38.2-2200 (2014). If Continental is in violation of Va. Code § 38.2-2226, it may be unable to raise its policy

defense in an action by Al-Amin to collect on a judgment against Tort Defendants. Should Continental pay such a judgment, it may then be able to seek damages from Tort Defendants for breach of contract.

Third, Continental argues that the applicability of Va. Code § 38.2-2226 requires evidence that is not before the Court. ECF No. 29 at 3. It is well-settled that in considering the motion to dismiss, this Court must look not only at the complaint but also at any documents referenced therein that are attached to the complaint. E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). This Court is able to consider the July 18, 2013 reservation of rights letter and conclude that Continental had until September 1, 2013 to inform Al-Amin of that reservation of rights. However, the complaint does not indicate if Continental ever informed Al-Amin of the reservation of rights. Because this Court is ruling on a motion to dismiss, it cannot at this time rule on the applicability of Va. Code § 38.2-2226. This issue may be raised again in a motion for summary judgment with proper affidavits attached.

## IV.   MOTION TO DECLINE JURISDICTION

At the hearing on the present Motion, Al-Amin withdrew the portion of his Motion asking the Court to decline jurisdiction under the Nautilus factors. ECF No. 26. In his briefing, Al-Amin had asked this Court to decline jurisdiction in favor of the pending state action on the underlying tort. ECF No. 13 at 7–12. At the hearing, Al-Amin informed the Court that the state court had stayed proceedings until this Court resolves the coverage dispute and withdrew his Motion to Decline Jurisdiction. ECF No. 26. Because Al-Amin has withdrawn his Motion to Decline Jurisdiction, the Court does not address it.

## V.    CONCLUSION

For the above reasons, Court **DENIES** the Motion to Dismiss. ECF No. 12.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
October __, 2015  Oct. 21, 2015